IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
11 JUN -6 AM 11: 27
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) | COMPLAINT |
| DOLGENCORP, LLC, d/b/a DOLLAR GENERAL STORE, ) ) ) | JURY TRIAL DEMAND |
| Defendant. ) | |

1:11-cv-0755 SEB -DKL

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Bobby Dabbs who was adversely affected by such practices. As alleged with greater particularity in paragraph 8 below, the Commission alleges that Defendant Dolgencorp, LLC, d/b/a Dollar General Store discriminated against Bobby Dabbs, who has dyslexia, is substantially limited in major life activities, and is a qualified individual with a disability within the meaning of the ADA, by failing to provide him a reasonable accommodation and demoting him because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were, and are now being, committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Dolgencorp, LLC, d/b/a Dollar General Store (the "Employer"), has continuously been a foreign limited liability company doing business in the State of Indiana and the City of Muncie, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Bobby Dabbs filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least July 2010, Defendant Employer has engaged in unlawful employment practices at its Muncie, Indiana facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112.

   a. Defendant unlawfully discriminated against Bobby Dabbs, who is qualified for and was performing the position of lead sales associate, is dyslexic, is substantially limited in major life activities, and therefore has a disability within the meaning of the ADA, by denying his request for a reasonable accommodation and failing to provide him any type of reasonable accommodation when he took a test/assessment, in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A).

   b. Defendant unlawfully discriminated against Bobby Dabbs by demoting him from lead sales associate to the lesser paid position of sales associate with reduced hours, due to his disability, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

9. The effect of the practices complained of in paragraph 8 above has been to deprive Bobby Dabbs of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

10. The unlawful employment practices complained of in paragraph 8 above were, and are, intentional.

11.     The unlawful employment practices complained of in paragraph 8 above were, and are, done with malice or with reckless indifference to the federally protected rights of Bobby Dabbs.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to provide reasonable accommodations to qualified individuals with disabilities and from demoting qualified individuals with disabilities because of their disabilities.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Bobby Dabbs by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the rightful-place reinstatement of Bobby Dabbs.

D.     Order Defendant Employer to make whole Bobby Dabbs by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including, but not limited to job search expenses and medical expenses, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Bobby Dabbs by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Bobby Dabbs punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

LAURIE A. YOUNG, #11480-49
Regional Attorney

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

JO ANN FARNSWORTH, #8364-49
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 West Ohio Street,
Suite 1900

Indianapolis, In 46204
Phone: (317) 226-7949
Fax: (317) 226-5571
Email: joann.farnsworth@eeoc.gov